UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Warren Russell, # 316802, | ) C/A No. 9:09-0548-HFF-BM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **Report and Recommendation** |
| | ) |
| Alvin S. Glenn Detention Center; | ) |
| Vanessa Jarvis; | ) |
| Lt. Wetson; | ) |
| Ronaldo D. Myers, CJM, MA, Director; and | ) |
| Mrs Kathryn H. Harrell, Assistant Director, | ) |
| | ) |
| Defendants. | ) |

The plaintiff is an inmate at the Lee Correctional Institution of the South Carolina Department of Corrections (SCDC). The South Carolina Department of Corrections website (www.doc.sc.gov) reveals that the plaintiff is serving a fifteen-year sentence for a kidnapping conviction entered in the Court of General Sessions for Richland County in 2008. The plaintiff has brought suit against the Alvin S. Glenn Detention Center,[1] its Law Library Clerk, a lieutenant, the Director of the Alvin S. Glenn Detention Center, and its Assistant Director.

In a Report and Recommendation filed in the above-captioned case on March 13, 2009, the undersigned recommended that this case be dismissed *without prejudice*. The plaintiff filed timely written objections to the Report and Recommendation and various motions. On March

---

[1] The Alvin S. Glenn Detention Center was formerly known as the Richland County Detention Center.

1

23, 2009, the Honorable Henry F. Floyd, United States District Judge, granted Plaintiff's motion to amend his complaint and a motion for an extension of time. Plaintiff thereafter submitted an amended complaint on April 16, 2009 (Entry No. 21). In light of the plaintiff's recent filings, the case has been remanded to the undersigned for further consideration.

To preserve issues raised in this case and give liberal construction to the pleadings, the original complaint (Entry No. 1), is incorporated into the amended complaint (Entry No. 21). The "STATEMENT OF CLAIM" portion of the amended § 1983 complaint incorporates the "STATEMENT OF CLAIM" portion of the original § 1983 complaint (Entry No. 1), which shows that this civil rights action arises out a decision not to allow the plaintiff to use the law library at the Alvin S. Glenn Detention Center. Although the plaintiff had been, initially, allowed to use the law library at the Detention Center, a determination was made that, because the plaintiff had been denied bond in his then-pending criminal case, he was disqualified from participating in inmate programs, one of which allowed certain inmates to use the law library. *See* the Plaintiff's Inmate Grievance, which was answered on January 17, 2008 (Entry No. 1-4). The plaintiff discloses that he went to trial on February 28, 2008. In his prayer for relief, the plaintiff seeks monetary damages, "pain and suffering," a change in jail policy relating to use of the law library, and any other relief deemed necessary by this court.

### *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the amended *pro se* complaint (which incorporates the original complaint) pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v.*

2

*Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). As plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even when considered under this less stringent standard, the amended § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

First, the Alvin S. Glenn Detention Center is a group of buildings or a facility. Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law. Hence, the Alvin S. Glenn Detention Center is not a "person" subject to suit pursuant to 42 U.S.C. § 1983, and is entitled to dismissal as a party defendant even if this case were to otherwise be allowed to proceed. *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail

---

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); and *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). *Cf. Wright v. El Paso County Jail*, 642 F.2d 134, 136 n. 3 (5th Cir. 1981).[3]

Secondly, since a plain reading of Plaintiff's allegations shows that he is actually challenging the basis for his conviction for kidnapping, this civil rights action is subject to summary dismissal because a right of action has not accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. at 486-487 (footnote omitted). *See also Woods v. Candela*, 47 F.3d 545 (2nd Cir. 1995) (litigant's conviction reversed by state court in 1993; hence, civil rights action timely filed); *Treece v. Village of Naperville*, 903 F. Supp. 1251 (N.D. Ill. 1995); *Seaton v. Kato*, 1995 U.S. Dist. LEXIS 2380, *12-*13, 1995 WL 88956 (N.D. Ill., Feb. 28, 1995); and *Smith v. Holtz*, 879

---

[3]Although the plaintiff does not list the Alvin S. Glenn Detention Center as a defendant in the caption of the amended complaint, he does list the Detention Center in the caption of the original complaint.



4

F. Supp. 435 (M.D. Pa. 1995), *affirmed*, 87 F.3d 108 (3rd Cir. 1995). Until the plaintiff's conviction for kidnapping is reversed, vacated, or set aside, any civil rights action based on the conviction, sentence, direct appeal, and related matters will be barred because of the holding in *Heck v. Humphrey*. *Sufka v. Minnesota*, 2007 U.S. Dist. LEXIS 84544, 2007 WL 4072313 (D. Minn., Nov. 15, 2007).[4]

Additionally, even if Plaintiff was not challenging the basis for his conviction in this action, his claims relating to the law library are foreclosed by circuit case law. The United States Court of Appeals for the Fourth Circuit has ruled that the Constitution of the United States does not require local jails to even have a law library. *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987). The holding in *Magee v. Waters* is based on the knowledge that county jails are generally short-term facilities, wherein "'the brevity of confinement does not permit sufficient time for prisoners to petition the courts.'" *Magee v. Waters*, 810 F.2d at 452. *See also Cruz v. Hauck*, 515 F.2d 322, 331-33 (5th Cir. 1975), where the Court noted: "access to the courts may be satisfied either by availability of legal materials, by counsel, or by any other appropriate device of *the State*." 515 F.2d at 331 (emphasis added).[5]

Moreover, insofar as Plaintiff's request for injunctive relief is concerned, this case is moot because the plaintiff is not currently confined at the Alvin S. Glenn Detention Center. *See Incumaa v. Ozmint*, 507 F.3d 281, 286-88 (4th Cir. 2007); *Breeden v. Jackson*, 457 F.2d 578, 580

---

[4]Plaintiff notes in his objections filed to the original Report and Recommendation that he has filed an Application for Post-Conviction Relief in state court.

[5]The plaintiff's exhibits reveal that he was represented by the Richland County Public Defender's Office. A motion to relieve counsel was filed on October 19, 2007 (Entry No. 1-3), but the pleadings do not indicate what happened to this motion or whether the plaintiff was represented by new counsel during his trial.



5

(4th Cir. 1972); and *Inmates v. Sheriff Owens*, 561 F.2d 560, 562 (4th Cir. 1977). Mootness has been held to be a jurisdictional question in *North Carolina v. Rice*, 404 U.S. 244, 246-47 (1971). Moreover, "[a] case is moot if a litigant's interest in the outcome of the action ceases before judgment." *I.D. by W.D. v. Westmoreland School District*, 1994 U.S.Dist. LEXIS 12499, *8-*9, 1994 WL 470568 (D.N.H., September 2, 1994), *reconsideration denied, I.D. by W.D. v. Marston*, 1994 U.S.Dist. LEXIS 17258 (D.N.H., Nov. 30, 1994), *citing United States Parole Commission v. Geraghty*, 445 U.S. 388, 397 (1980). *See also Steffel v. Thompson*, 415 U.S. 452, 459 n. 10 (1974) ("Mootness can kill a lawsuit at any stage."). Plaintiff also cannot "represent" other detainees at the Alvin S. Glenn Detention Center as a way to pursue these claims. *See Laird v. Tatum*, 408 U.S. 1 (1972); *Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 482 (1982); *Lake Carriers Ass'n v. MacMullan*, 406 U.S. 498, 506 (1972); *Flast v. Cohen*, 392 U.S. 83, 99 (1968) (a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, and that the merits of the case are irrelevant); and *Frank Krasner Enterprises, Ltd. v. Montgomery County, Maryland*, 401 F.3d 230, 234-36 & nn. 6-9 (4th Cir. 2005) (collecting cases on standing). *Cf. Inmates v. Sheriff Owens*, 561 F.2d at 562-63 (one inmate does not have standing to sue on behalf of another inmate); *Hummer v. Dalton*, 657 F.2d 621, 625-26 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others); and *Oxendine v. Williams*, 509 F.2d 1405, 1407 & n. * (4th Cir. 1975) (a *pro se* prisoner cannot be an advocate for others in a class action).

### *Recommendation*

Accordingly, it is recommended that the Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke*



6

*v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].

The plaintiff's attention is directed to the Notice on the next page.

May __6__, 2009  
Charleston, South Carolina

Bristow Marchant  
United States Magistrate Judge

## Notice of Right to File Objections to Report and Recommendation

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



8