

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| WARREN RUSSELL, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 9:09-00548-HFF-BM |
| | § | |
| VANESSA JARVIS et al., | § | |
| Defendants. | § | |

## ORDER

This is a civil rights action filed under 28 U.S.C. § 1983. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending that the Court dismiss the above-captioned case without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 6, 2009, and the Clerk of Court entered Plaintiff's objections to the Report on May 15, 2009. First, Plaintiff correctly asserts that he

removed the Alvin S. Glenn Detention Center from the suit in his Amended Complaint. However, Plaintiff's second objection incorrectly asserts that he is not challenging the basis for his conviction. Plaintiff's complaint that he was unlawfully denied access to the law library does, in effect, challenge the validity of his conviction: "[A] judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Accordingly, because Plaintiff's conviction has not "been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus," a right of action has not accrued. *Id.*

Finally, Plaintiff argues that the inability to access a law library violated his right to access the courts. However, Plaintiff was represented by counsel, and "[d]enial of individual access to legal materials is not denial of right of access to courts where prisoners are represented by counsel." *Williams v. Leeke*, 584 F.2d 1336, 1343 (4th Cir. 1978).

Thus, based on its thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, except as provided above, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that the case be **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

Signed this 26th day of May, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.